FILED
2018 Feb-20  AM 09:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM ALLEN PARKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. _____** |
| | ) | |
| **CSX TRANSPORTATION, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## C O M P L A I N T

### JURISDICTION

1.      This is an action which arises under the Family and Medical Leave Act of 1993 ("FMLA"), 29. U.S.C. § 2601 et seq.  This court has jurisdiction of the action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.  This lawsuit also asserts state law claims of negligent/wanton training, negligent/wanton supervision, and outrageous conduct.  Jurisdiction over Plaintiff's state law claims exists pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

### VENUE

2.      The claims asserted in this action arose within this district and the alleged discrimination and damage occurred in this district.  Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff William Allen Parker ("Plaintiff") is a forty-five-year-old resident citizen of the State of Alabama and this judicial district.  At all relevant times, Plaintiff was an employee of Defendant CSX Transportation, Inc. within the meaning of the FMLA.

4.      Defendant CSX Transportation, Inc. ("CSX" or "Defendant") is a Class I railroad that operates in the eastern United States and parts of Canada.  CSX maintains an operations hub in Birmingham, Alabama.  CSX is a Virginia corporation and conducts substantial business within this judicial district.  At all relevant times, CSX was a covered employer within the meaning of the FMLA.

## FACTS

5.      Plaintiff began working for CSX in March of 2003.

6.      He was hired in Birmingham, Alabama, and his home terminal was in Birmingham at the time of the events described in this complaint.

7.      At all relevant times, Plaintiff worked as a conductor for CSX on coal trains traveling between Birmingham and Montgomery, Alabama.

8.      In 2014, Plaintiff applied for FMLA benefits based on his wife's serious health condition.

9.      His wife's condition was ultimately diagnosed as Postural Orthostatic Tachycardia Syndrome ("POTS syndrome").  The symptoms of this progressive and

2

chronic disease include, but are not limited to, blackouts/fainting, dizziness, migraine headaches, severe vertigo, joint pain, heart palpitations, shortness of breath, chest pain, nausea, and tremulousness.

10.    Plaintiff provided CSX with the medical documentation that it requested pertaining to his wife's serious health condition and his need for FMLA benefits.

11.    CSX approved Plaintiff for FMLA benefits in 2014, allowing Plaintiff leave to care when needed for his wife's serious health condition.

12.    Given the progressive and chronic nature of his wife's POTS syndrome, Plaintiff reapplied for FMLA benefits each year pursuant to CSX policy and provided CSX with the required medical certifications.

13.    CSX approved Plaintiff for FMLA leave each time he reapplied.

14.    The most recent approval occurred on June 29, 2017.  CSX approved Plaintiff for FMLA leave for the "Certified Leave Period" of "06/27/2017 through 6/26/2018" due his wife's serious health condition.   Plaintiff was approved to use FMLA leave for "1-3 episodes per week, up to 3 days per episode, and 2 office visits per year."

15.    On December 22, 2017, Plaintiff worked as the conductor on a coal train that traveled from Birmingham to Montgomery.

16.    When he got to Montgomery, CSX lodged him in a hotel where he was to rest as mandated by hours-of-service laws.

17.    During his rest period, Plaintiff called his wife and learned that she was experiencing an incapacitating episode relating to the symptoms of her POTS syndrome.

18.    So, when Plaintiff arrived back in Birmingham on the morning of December 23, he marked off FMLA to care for his wife in accordance with CSX procedures for taking approved FMLA leave.

19.    Plaintiff provided care for his wife on December 23, December 24, and December 25 due to her incapacitating episode.  The care that Plaintiff provided his wife included, but is not limited to, assisting her walk up and down stairs, providing her with food and water, driving and picking up medications for her, and assisting her to and from the bathroom.

20.    Plaintiff marked back up and returned to work on December 26.

21.    On January 2, 2018, CSX notified Plaintiff that it was pulling him out of service without pay based on his use of FMLA during the Christmas holiday.

22.    On January 8, 2018, CSX issued a charge letter directing Plaintiff to attend a formal disciplinary investigation hearing on January 16, 2018.  As stated in the letter, CSX was accusing Plaintiff of misusing FMLA leave between December 22, 2017 and December 26, 2017.

23.    As it later turned out, the charge letter issued to Plaintiff on January 8 was a form letter that CSX issued to over 100 employees that it has pulled out of service pending a disciplinary hearing relating to their use of FMLA over the Christmas holidays.

24.    CSX never asked Plaintiff about his wife's condition during the Christmas holidays or the care that he provided her during this time period before pulling him out of service.

25.    CSX never requested that Plaintiff provide additional medical certification documenting his wife's condition and his need for FMLA benefits before pulling him out of service.

26.    CSX convened a formal disciplinary hearing against Plaintiff in Jefferson County, Alabama, on January 16, 2017.

27.    At the hearing, CSX accused Plaintiff of dishonesty and misuse of FMLA by marking off FMLA between December 22 and 26, 2017.  Although not mentioned in the charge letter, CSX maintained at the hearing that Plaintiff violated CSX Operating Rule 104.2(a) by marking off FMLA between December 22 and 26, 2017.  That rule states:

> 104.2    Employee behavior must be respectful and courteous. Employees must not be any of the following:
>
>  a.  Dishonest.

28.    At the hearing, CSX offered no evidence of what Plaintiff was doing during the period that he was marked off FMLA between December 22 and December 26, 2017. CSX presented no proof that Plaintiff was not providing care for his wife's serious health condition during this period of FMLA leave.  CSX presented no proof that Plaintiff's wife did not need her husband's care because of her serious medical condition during this period of FMLA leave.  In sum, CSX presented no proof that Plaintiff was not using FMLA leave for the reason that he was approved FMLA benefits by CSX.

29.    Rather than focusing on whether Plaintiff spent his FMLA leave between December 22 and 26 caring for his wife's serious medical condition, CSX suggested

throughout the hearing that any use of FMLA leave during this period constituted FMLA

misuse and dishonesty.

     30.    Illustrative of CSX's evidence (or lack thereof) is the hearing testimony of

CSX's central witness, Tremaylen Anderson, CSX's Manager of Human Resources

Business Partner.  For example, when asked about CSX's knowledge of Plaintiff's wife's

health condition during this period, Anderson stated:

| Anderson: | I do not know if his wife had an episode or not.  I do not know that.  Okay.  So I'm not disputing that his wife may or may not have had an episode.  I'm not disputing that.  But, based off of the CSX FMLA Policy, which clearly states that employees cannot use FMLA to avoid working over the Christmas holidays or over any holiday, so that is what we're basing this off of is our information. |
| --- | --- |
| | . . . . |
| [Question]: | So the federal policy states that his wife can have an episode over the holidays, but CSX states he can't, or she can't.  Is that correct? |
| Anderson: | That is correct. |

Later, when asked if CSX had any evidence that Plaintiff had misused FMLA leave over

the Christmas holidays beyond the fact that he had taken FMLA leave on those days,

Anderson stated:

| Anderson: | Those are the facts that [are] in the System, it shows that Mr. Parker was off on the dates in question December 24, 2017 Christmas Eve and December 25, 2017 Christmas Day.  Those are the facts. |
| --- | --- |
| [Question:] | So he's misused it in the Carrier's eyes by being off those 2 days? |

| Anderson: | He misused FMLA due to not being available on the dates in question. |
|---|---|

31.    Thus, in the words of CSX's principal witness, CSX considers Plaintiff's use of FMLA leave during this period to be dishonest and FMLA misuse because it was a holiday, and it does not matter to CSX whether Plaintiff was using FMLA leave for the intended and approved reason during this time.

32.    On February 15, 2017, Trainmaster Jeffrey Pacey, the CSX official that conducted the disciplinary hearing, issued a Hearing Officer Findings report in which he stated that the charges brought against Plaintiff had been proven at the hearing because "[Plaintiff] admitted he was off FMLA for the Christmas Holidays."  Pacey cited the following excerpt from the hearing transcript as support:

| Pacey: | At this time Carrier will rest.  We have no more witnesses, or exhibits to present.  Mr. Parker. |
|---|---|
| [Plaintiff]: | Yes. |
| Pacey: | I have a couple questions here.  Were you laid off FMLA during Christmas holidays? |
| [Plaintiff]: | Not the whole time they have charged me for. |
| Pacey: | Alright.  So what days were you laid off? |

Plaintiff responded to the question on the last line of excerpt cited by Pacey with "[the] 24th and 25th."

33.    CSX terminated Plaintiff's employment by letter dated February 15, 2017.

## COUNT ONE
## FMLA RETALIATION

34.     Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

35.     Plaintiff was denied full benefits and rights under the FMLA, in that he was retaliated against based on his exercise of rights to which he was entitled under the FMLA, to include that he was pulled out of service and ultimately terminated.  CSX's actions were in violation of the FMLA and were taken willfully and with malice or reckless indifference to Plaintiff's federally-protected rights.

36.     As a result of CSX's retaliation against Plaintiff for exercising his rights under the FMLA, which resulted in him being pulled out of service and ultimately terminated, Plaintiff has suffered and will continue to suffer damage to his professional life and career opportunities, pecuniary losses, emotional distress, inconvenience, shame, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the following relief:

a.  Reinstatement; or, in the alternative, front pay;

b.  Back pay and fringe benefits;

c.  Injunctive relief;

d.  Attorneys' fees;

e.  Costs; and

f.  Such other legal or equitable relief as may be appropriate to effectuate the

purposes of the FMLA or to which Plaintiff may be reasonably entitled.

## COUNT TWO
## FMLA INTERFERENCE

37.  Plaintiff adopts and re-alleges each and every allegation contained in this

Complaint as if set out anew herein.

38.  Plaintiff was denied full benefits and rights under the FMLA, in that he was

denied leave to which he was entitled under the FMLA, pulled out of service, not

reinstated, and terminated.  CSX's actions were in violation of the FMLA and were taken

willfully and with malice or reckless indifference to Plaintiff's federally-protected rights.

39.  As a result of CSX's interference with Plaintiff's rights under the FMLA,

Plaintiff has suffered and will continue to suffer damage to his professional life and

career opportunities, pecuniary losses, emotional distress, inconvenience, shame, mental

anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the following

relief:

a.  Reinstatement; or, in the alternative, front pay;

b.  Back pay and fringe benefits;

c.  Injunctive relief;

d.  Attorneys' fees;

e.  Costs; and

f.  Such other legal or equitable relief as may be appropriate to effectuate the

purposes of the FMLA or to which Plaintiff may be reasonably entitled.

## COUNT THREE
## NEGLIGENT AND/OR WANTON TRAINING

40.  Plaintiff adopts and realleges each and every allegation contained in this

Complaint as if set out anew herein.

41.  This is a claim to redress CSX's negligent and/or wanton training of the

employees, supervisors and management who were involved in the adverse employment

actions taken against the Plaintiff for taking FMLA leave between December 22 and 26,

2017.  This claim is brought under the laws of the State of Alabama.

42.  CSX negligently and/or wantonly trained the employees, supervisors and

management who were involved in the adverse employment actions taken against the

Plaintiff for taking FMLA between December 22 and 26, 2017, to care for his wife.

43.  As a consequence of CSX's negligent and/or wanton training, CSX

employees, supervisors and management took adverse employment actions against the

Plaintiff and over one hundred other train and engine service employees for taking

FMLA leave between December 22 and 26, 2017, without regard to whether they were

using the time off for the reason CSX approved their FMLA benefit.  This negligent

and/or wanton training caused the CSX employees, supervisors and management to apply

a CSX policy that equates taking FMLA leave during a holiday with dishonesty and

misuse regardless of whether the leave is for the FMLA-approved reason.  In addition,

CSX's  negligent  and/or  wanton  training  caused  the  employees,  supervisors  and

management to apply a CSX policy that conflicts with and infringes upon Plaintiff's rights under FMLA.

44.     As a proximate consequence of CSX's negligent and/or wanton training of the employees, supervisors and management involved in the adverse actions taken against Plaintiff for taking FMLA leave between December 22 and 26, 2017, Plaintiff has suffered and will continue to suffer damage to his professional life and career opportunities, pecuniary losses, emotional distress, inconvenience, shame, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

45.     CSX acted with malice and/or reckless indifference and its conduct was wanton and/or grossly negligent.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the following relief:

a.  Compensation for past and future emotional distress, inconvenience, shame, mental anguish, loss of enjoyment of life and other non-pecuniary damages;

b. Compensation for past and future loss of wages and benefits and other pecuniary losses;

c. Punitive damages in an amount determined by a jury;

d. Such other legal and equitable relief as may be appropriate and to which Plaintiff may be reasonably entitled.

## COUNT FOUR
## NEGLIGENT AND/OR WANTON SUPERVISION

46.     Plaintiff adopts and realleges each and every allegation contained in this Complaint as if set out anew herein.

47.     This is a claim to redress CSX's negligent and/or wanton supervision of the employees, supervisors and management who were involved in the adverse employment actions taken against the Plaintiff for taking FMLA leave between December 22 and 26, 2017.  This claim is brought under the laws of the State of Alabama.

48.     CSX negligently and/or wantonly supervised the employees, supervisors and management who were involved in the adverse employment actions taken against the Plaintiff for taking FMLA between December 22 and 26, 2017, to care for his wife.

49.     As a consequence of CSX's negligent and/or wanton supervision, CSX allowed its employees, supervisors and management to take adverse employment actions against the Plaintiff and over one hundred other train and engine service employees for taking FMLA leave between December 22 and 26, 2017, without regard to whether they were using the time off for the reason CSX approved their FMLA benefit.  This negligent and/or wanton supervision resulted in certain CSX employees, supervisors and management applying a CSX policy that equates taking FMLA leave during a holiday with dishonesty and misuse regardless of whether the leave is for the FMLA-approved reason.  In addition, CSX's negligent and/or wanton supervision resulted in these employees, supervisors and management applying a CSX policy that conflicted with and infringed upon Plaintiff's rights under FMLA.

50.    As a proximate consequence of CSX's negligent and/or wanton supervision of the employees, supervisors and management involved in the adverse actions taken against Plaintiff for taking FMLA leave between December 22 and 26, 2017, Plaintiff has suffered and will continue to suffer damage to his professional life and career opportunities, pecuniary losses, emotional distress, inconvenience, shame, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

51.    CSX acted with malice and/or reckless indifference and its conduct was wanton and/or grossly negligent.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the following relief:

   a.  Compensation for past and future emotional distress, inconvenience, shame, mental anguish, loss of enjoyment of life and other non-pecuniary damages;

   b.  Compensation for past and future loss of wages and benefits and other pecuniary losses;

   c.  Punitive damages in an amount determined by a jury;

   d.  Such other legal and equitable relief as may be appropriate and to which Plaintiff may be reasonably entitled.

**COUNT FIVE**
**OUTRAGEOUS CONDUCT**

52.    Plaintiff adopts and realleges each and every allegation contained in this Complaint as if set out anew herein.

13

53.     This is a claim to redress CSX's outrageous conduct in taking adverse employment actions against the Plaintiff for reasons that contravene public policy simply because he exercised his approved right to FMLA leave to care for his sick wife between December 22 and 26, 2017.   This claim is brought under the laws of the State of Alabama.

54.     CSX engaged in a widespread protracted pattern of outrageous conduct designed to contravene public policy in order to intimidate employees into not exercising their legitimate and approved FMLA rights on holidays.   As part of this widespread pattern of outrageous conduct, CSX took adverse actions against the Plaintiff and over one hundred other train and engine service employees for taking FMLA leave between December 22 and 26, 2017, without regard to whether they were using the time off for the reason CSX approved their FMLA benefit.   This pattern of outrageous conduct included applying and ratifying a CSX policy that equates taking FMLA leave on a holiday with dishonesty and misuse regardless of whether the leave is for the FMLA-approved reason.   In addition, CSX intentionally and knowingly applied a standard which it knew to be inconsistent with public policy and to conflict with and infringe upon the federal rights of its employee, including the Plaintiff.

55.     As a proximate consequence of CSX's outrageous conduct, Plaintiff has suffered and will continue to suffer damage to his professional life and career opportunities, pecuniary losses, emotional distress, inconvenience, shame, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the following relief:

a. Compensation for past and future emotional distress, inconvenience, shame, mental anguish, loss of enjoyment of life and other non-pecuniary damages;

b. Compensation for past and future loss of wages and benefits and other pecuniary losses;

c. Punitive damages in an amount determined by a jury;

d. Such other legal and equitable relief as may be appropriate and to which Plaintiff may be reasonably entitled.

## JURY DEMAND

56.     Plaintiff demands trial by a struck jury on all claims so triable.

**BURGE & BURGE, P.C.**

/s/ F. TUCKER BURGE, SR.
F. TUCKER BURGE, SR.

/s/ F. TUCKER BURGE, JR.
F. TUCKER BURGE, JR.
ATTORNEYS FOR PLAINTIFF
Renasant Place
2001 Park Place, Suite 1350
Birmingham, Alabama 35203
Phone: (205) 251-9000
Facsimile: (205) 323-0512
Email:  ftb@burge-law.com
          ftbjr@burge-law.com

15

**Plaintiff's Address:**

Allen Parker
9497 Ambrose Lane
Kimberly, AL   35091


**Defendant's Address:**

CSX Transportation, Inc.
c/o CT Corporation System (Registered Agent)
2 North Jackson Street, Suite 605
Montgomery, AL 36104